UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

## ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF DEBTORS' AND THE CREDITORS' COMMITTEE'S JOINT PLAN OF LIQUIDATION, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO AND (V) GRANTING RELATED RELIEF

Upon *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of Debtors' and the Creditors' Committee's Joint Plan of Liquidation, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto and (V) Granting Related Relief* (the "**Motion**");[2] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "**Disclosure Statement Hearing**"); and upon consideration of the record of the Disclosure

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity.  The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Statement Hearing and all proceedings had before the Court; and upon the filing of the *Debtors'
and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the
Bankruptcy Code* [Docket No. 633] (the "**Plan**") and *Disclosure Statement for Debtors' and the
Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the
Bankruptcy Code* [Docket No. 634] (the "**Disclosure Statement**") as set forth in the *Notice of
Filing of Second Amended Plan and Related Disclosure Statement* [Docket No. 635] (the "**Notice
of Second Amended Plan and Disclosure Statement**"); and the Court having found and
determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their
creditors and other parties in interest, and that the legal and factual bases set forth in the Motion
establish just cause for the relief granted herein; and any objections to the requested relief having
been withdrawn or overruled on the merits; and after due deliberation and sufficient cause
appearing therefor,

IT IS HEREBY FOUND:

A.      As to each of the Debtors, the Disclosure Statement contains "adequate
information" within the meaning of section 1125 of the Bankruptcy Code, and no further
information is necessary.

B.      The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes,
in specific and conspicuous language, the acts to be enjoined and the entities subject to the
injunction and exculpation provisions contained in the Plan.

C.      The Disclosure Statement complies with all applicable Local Rules.

D.      The Solicitation and Voting Procedures, substantially in the form attached hereto
as **Exhibit 1**, provide for a fair and equitable voting process and are consistent with sections 1125
and 1126 of the Bankruptcy Code.

E.      The Class 4 Ballots, substantially in the form attached hereto as **Exhibit 2**, are sufficiently consistent with Official Form B 314 and adequately address the particular needs of these Chapter 11 Cases and are appropriate for the Voting Class to vote to accept or reject the Plan.

F.      The proposed contents and distribution of the Solicitation Packages comply with Bankruptcy Rules 2002, 3017 and Local Rule 3017(b), and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing and all related matters.

G.      Ballots need not be provided to the Holders in Classes 1, 2, 3, 5 and 6 because such Holders are presumed to either accept or reject the Plan, as applicable, and are not entitled to vote on account of their Claims or Interests.

H.      The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 3**, complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and, together with the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4**, provides adequate notice to Holders in the Non-Voting Classes of their non-voting status and of the Confirmation Hearing.  No further notice is necessary.

I.      The period during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

J.      The Confirmation Hearing Notice, the Publication Hearing Notice, and the procedures set forth below for providing such notice to all known Holders of Claims or Interests and all other parties entitled to notice in the Chapter 11 Cases (regardless of whether such parties are entitled to vote to accept or reject the Plan) of the time, date and place of the Confirmation Hearing and the contents of the Confirmation Hearing Notice and the Solicitation Packages comply

3

with Bankruptcy Rules 2002 and 3017, and service of such materials as set forth herein constitutes

sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

## I.      Approval of the Disclosure Statement

2.      The Disclosure Statement is hereby approved as containing adequate information

within the meaning of section 1125(a)(1) of the Bankruptcy Code and no further information is

necessary.

3.      The Disclosure Statement provides Holders of Claims, Holders of Interests and

other parties in interest with sufficient notice of the injunction and exculpation provisions

contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule

3016(c).

4.      All objections to the Disclosure Statement that have not been withdrawn or resolved

previously or at the Disclosure Statement Hearing are hereby overruled.

## II.      Approval of the Disclosure Statement Hearing Notice

5.      The Disclosure Statement Hearing Notice filed by the Debtors and served upon

parties in interest in these Chapter 11 Cases satisfies the requirements of the applicable provisions

of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and constitutes adequate and

sufficient notice of (a) the Disclosure Statement Hearing, (b) the manner in which a copy of the

Disclosure Statement (and the exhibits thereto, including the Plan) can be obtained and (c) the time

fixed for filing objections to the Disclosure Statement.

### III.    Approval of the Solicitation and Voting Procedures

6.    The Debtors are authorized to solicit, receive and tabulate votes on the Plan in accordance with the Solicitation and Voting Procedures, including, without limitation, the Voting and Tabulation Procedures contained therein, which are hereby approved in their entirety.

### A.    Approval of the Confirmation Timeline and Materials Related Thereto

7.    The following dates are hereby established (subject to modification as necessary, which modifications shall not require a hearing, but the Debtors shall serve notice of such modifications on all affected parties) with respect to the solicitation of votes on the Plan, filing objections to the Plan and Confirmation (all times prevailing Eastern Time):

| Event | Date |
|---|---|
| Voting Record Date | November 29, 2018 |
| Solicitation Deadline | Five (5) business days after date of entry of the order approving the Disclosure Statement |
| Publication Deadline | Ten (10) business days after date of entry of the order approving the Disclosure Statement |
| Deadline to Mail Assumption Notices (if any) | December 21, 2018 |
| Deadline to Object to Claims for Voting Purposes | December 21, 2018 |
| Deadline to File Plan Supplement | December 21, 2018 at 4:00 PM (ET) |
| Assumption/Rejection Objection Deadline | January 10, 2019 at 4:00 PM (ET) |
| Deadline to File Motion for Temporary Allowance of Claim for Voting Purposes Pursuant to Fed. R. Bankr. P. 3018 | January 10, 2019 at 4:00 PM (ET) |
| Voting Deadline | January 18, 2019 at 4:00 PM (ET) |
| Deadline to File Confirmation Brief | January 18, 2019 at 4:00 PM (ET) |
| Plan Objection Deadline | January 18, 2019 at 4:00 PM (ET) |

| Event | Date |
|---|---|
| Deadline to File Voting Report | January 22, 2019 |
| Deadline to Serve Notice of Uncounted Ballots | January 23, 2019 |
| Plan Objection Responses Deadline | January 25, 2019 at 4:00 PM (ET) |
| Confirmation Hearing | January 29, 2019 at 11:00 AM (ET) |

### B.    Approval of the Class 4 Ballots

8.     The Class 4 Ballots are hereby approved.

### C.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan

9.     The Solicitation Packages to be transmitted on or before the Solicitation Deadline to Holders in the Voting Class as of the Voting Record Date shall include the following, the form of each of which is hereby approved:  (a) the Disclosure Statement (with all exhibits thereto, including the Plan); (b) the Solicitation and Voting Procedures; (c) the Confirmation Hearing Notice; (d) the Class 4 Ballot(s) with voting instructions with respect thereto; (e) the Cover Letter (attached hereto as **Exhibit 5**); (f) this Order and (g) any other material directed by this Court.

10.     To avoid duplication and reduce expenses, the Voting Agent is authorized (but not directed) to provide any Holder in the Voting Class who has filed multiple and/or duplicate Claims against any Debtor(s) no more than one (1) Solicitation Package and the appropriate number of Ballots for voting such Holder's Claims, based on the nature of such Claims and the Debtor(s) against which such Claims are held.

11.     The Solicitation Packages provide Holders in the Voting Class with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

6

12.     The Debtors shall distribute Solicitation Packages to all Holders in the Voting Class on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

13.     The Debtors are authorized, but not directed or required, to distribute to Holders in the Voting Class:  (a) the Plan, the Disclosure Statement and this Order (excluding the exhibits thereto, except for the Solicitation and Voting Procedures) only in electronic format (i.e. on a CD-ROM or flash drive); and (b) the Class 4 Ballot, the Cover Letter and the Confirmation Hearing Notice only in paper format; ***provided***, ***however***, that the Debtors are not required to mail the Solicitation Packages or any other type of notice in connection with Solicitation to: (x) Holders of Claims or Interests that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (z) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable, and after commercially reasonable efforts to locate such solicitation party or parties proves unsuccessful.

14.     On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages to the U.S. Trustee and (b) this Order (in electronic format) and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

15.     Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Voting Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

16.     The Voting Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating and reporting on Ballots cast to accept or reject the

Plan by Holders in the Voting Class, (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all documents related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

### D.    Approval of the Confirmation Hearing Notice and the Publication Notice

17.    The Confirmation Hearing Notice, together with the Publication Notice, constitute adequate and sufficient notice of the Confirmation Hearing, the manner in which a copy of the Disclosure Statement and the Plan could be obtained and the time fixed for filing objections to Confirmation.

18.    The Debtors shall (a) file and serve upon the 2002 List the Confirmation Hearing Notice within five (5) business days following entry of the Disclosure Statement Order; and (b) publish the Publication Notice one (1) time within ten (10) business days following entry of the Disclosure Statement Order, in the national editions of *USA Today* and *Variety,* subject to the applicable publication deadlines.  Additionally, the Confirmation Hearing Notice will be available electronically on the Voting Agent's website, https://cases.primeclerk.com/relativity.  This service and publication comports with the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

19.    The Confirmation Hearing may be continued from time to time by this Court or the Debtors and the Creditors' Committee without further notice to parties in interest other than such adjournment announced in open court and/or a notice of adjournment filed with this Court and served on the 2002 List.

### E.    Approval of the Plan Supplement Notice

20.    The Debtors shall file and serve the Plan Supplement Notice, substantially in the form attached hereto as **Exhibit 7**, as soon as reasonably practicable following the date on which the Plan Supplement is filed pursuant to the terms of the Plan, but in any event no later than December 21, 2018 at 12:00 p.m. (ET).

### F.    Approval of the Notice of Non-Voting Status

21.    The Notice of Non-Voting Status is hereby approved.  Except to the extent that the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders in the Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Voting Agent shall mail (first-class postage prepaid) a Notice of Non-Voting Status in lieu of Solicitation Packages to those parties, outlined below, who are not entitled to vote on the Plan:

| Class | Designation | Impairment | Voting Status |
|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired | Deemed to accept the Plan and not entitled to vote. |
| 2 | Other Secured Claims | Unimpaired | Deemed to accept the Plan and not entitled to vote.  As and to the extent any such claims are deemed to be unsecured, such claims are deemed impaired and entitled to vote as Class 4 Claims. |
| 3 | Other Priority Claims | Unimpaired | Deemed to accept the Plan and not entitled to vote. |
| 5 | Intercompany Claims | Impaired | Deemed to reject the Plan and not entitled to vote. |
| 6 | Interests | Impaired | Deemed to reject the Plan and not entitled to vote. |

### G.    Approval of the Assumption Notice

22.    The Debtors are authorized to mail an Assumption Notice, substantially in the form attached hereto as **Exhibit 8**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed and assigned pursuant to the Plan, within the time periods specified in the Plan.  The Debtors reserve the right to modify their election to assume or reject any Executory Contract or Unexpired Lease in accordance with the Plan.

### H.    Approval of the Notice of Non-Voting Status With Respect to Disputed Claims

23.    The Notice of Non-Voting Status With Respect to Disputed Claims, substantially in the form attached hereto as **Exhibit 9**, is hereby approved.  Except to the extent that the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders in the Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the December 26, 2018, the Voting Agent shall mail (first-class postage prepaid) a Notice of Non-Voting Status With Respect to Disputed Claims in lieu of Solicitation Packages to those parties who are not entitled to vote on the Plan and whose claim is subject to a pending objection by the Debtors.

### I.    Approval of the Procedures for Filing Objections to the Plan

24.    All objections to Confirmation of the Plan, requests for modifications to the Plan, and objections to the Assumption Notice, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of this Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with this Court (contemporaneously with a proof of service) and served upon the applicable notice parties so as to be actually received on or before January 18, 2019 at 4:00 p.m. (Eastern Time).

10

25.    Any objections to the Plan that are not timely filed and properly served in accordance with this Order will not be considered by this Court and are denied and overruled unless otherwise ordered by this Court.  Except as set forth in the Plan, any party that fails to object to the assumption of the Executory Contracts and Unexpired Leases and the proposed cure amount associated therewith shall be forever barred, estopped and enjoined from (a) disputing the assumption of such Executory Contracts and Unexpired Leases and the proposed cure amounts associated therewith and (b) asserting any Claim against the Debtors and their Estates arising under section 365(b)(1) of the Bankruptcy Code.

### J.    Authority to Make Non-Substantive Modifications

26.    The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement, the Disclosure Statement Hearing Notice, the Plan, the Ballots, the Confirmation Hearing Notice, the Solicitation Packages, the Notice of Non-Voting Status, the Publication Notice, the Cover Letter, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption Notice, the Voting and Tabulation Procedures and documents related to the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

### IV.    Miscellaneous

27.    The Debtors reserve the right to modify the Plan in accordance with Article IX of the Plan, including, without limitation, the right to withdraw the Plan as to any or all Debtors at any time before Confirmation.

28.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

29.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

31.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective upon its entry.

32.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

33.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.


Dated: New York, New York
         December 14, 2018

                                                    /s/ **Michael E. Wiles**
                                                    UNITED STATES BANKRUPTCY JUDGE

# <u>EXHIBIT 1</u>

Justin E. Rawlins (admitted *pro hac vice*)
Daniel J. McGuire (admitted *pro hac vice*)
Carrie V. Hardman
Aaron M. Gober-Sims (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on December 14, 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order (the "**Disclosure Statement Order**"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit acceptances for the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* (together with all addenda, exhibits, schedules or other attachments, and including alterations, amendments, modifications or supplements, the "**Plan**");[2] and (b) approving, among other things, (i) the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* (as amended, supplemented or modified and including all attachments and exhibits, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) the solicitation materials and documents to be included in the Solicitation Packages; and (iii) the procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity.  The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Plan and the Disclosure Statement Order.

1

A.       **The Voting Record Date.**

The Court has approved November 29, 2018 (the first day of the Disclosure Statement Hearing) as the record date (the "**Voting Record Date**") for purposes of determining which Holders of Claims in Class 4 (the "**Voting Class**") are entitled to vote on the Plan.

With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim, only if: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date, or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

B.       **The Voting Deadline**

The Court has approved **January 18, 2019 at 4:00 P.M.** (Eastern Time) as the deadline for voting on the Plan (the "**Voting Deadline**").  The Debtors may extend the Voting Deadline without further order of the Court.  To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to the Solicitation Agent so that they are *actually received* by the Solicitation Agent by the Voting Deadline.

C.       **Form, Content and Manner of Notices**

1.       **The Solicitation Package**

The following materials shall constitute the Solicitation Package: (a) the Disclosure Statement (with all exhibits thereto, including the Plan); (b) the Solicitation and Voting Procedures; (c) the Confirmation Hearing Notice; (d) the Class 4 Ballot(s) with voting instructions with respect thereto; (e) the Cover Letter; (f) the Disclosure Statement Order and (g) any material directed by the Court.

2.       **Distribution of the Solicitation Package.**

The Solicitation Package shall provide the Plan, the Disclosure Statement and the Disclosure Statement Order (excluding the exhibits thereto, except for the Solicitation and Voting Procedures) in electronic format (i.e., on a CD-ROM or flash drive), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format.  Any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent and request such copies (to be provided at the Debtors' expense) by (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for international callers), (b) by email at relativityballots@primeclerk.com, or (c) in writing at *Relativity Media Ballot Processing*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.

By December 21, 2018, the Debtors shall mail, or cause to be mailed, the Solicitation Package to (a) all Holders of Claims in the Voting Class who are entitled to vote, as described in

Section **D** below, and (b) the U.S. Trustee.  In addition, the Debtors will provide the Disclosure Statement Order (in electronic format) and the Confirmation Hearing Notice to all parties on the Rule 2002 List as of the Voting Record Date.

To avoid duplication and reduce expenses, the Solicitation may provide any Holder in the Voting Class who has filed multiple and/or duplicate Claims against any Debtor(s) no more than one (1) Solicitation Package and the appropriate number of Ballots for voting such Holder's Claims, based on the nature of such Claims and the Debtor(s) against which such Claims are held.

### 3. Resolution of Disputed Claims for Voting Purposes; Resolution Event

Absent a further order of the Court, if a Claim in the Voting Class is the subject of a pending objection to "reduce and allow" the stated amount of the applicable Holder's Claim that is filed with the Court on or prior to December 21, 2018, unless a Resolution Event (as defined herein) occurs in accordance with these Solicitation and Voting Procedures, the applicable Claim shall be deemed temporarily allowed in the reduced amount for voting purposes only, without further action by the Holder of such Claim and without further order of the Court (unless the Court orders otherwise), and the Holder of such Claim shall be entitled to vote such Claim in the reduced amount contained in such objection.

If a Claim the Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to December 21, 2018: (a) the Debtors shall cause the applicable Holder to be served with a Disputed Claim Notice substantially in the form annexed as **Exhibit 9** to the Disclosure Statement Order (which notice shall be served together with such objection); and (b) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs in accordance with these Solicitation and Voting Procedures.

A "**Resolution Event**" means the occurrence of one or more of the following events no later than two (2) business days prior to the Voting Deadline:  (a) an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (c) a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or (d) the pending objection is voluntarily withdrawn by the objecting party.

No later than two (2) business days following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to distribute via email, hand delivery or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder to the extent such Holder has not already received a Solicitation Package containing a Ballot.  In the event that service of the Solicitation Package is required upon the occurrence of a Resolution Event, the Voting Deadline for such Holder will serve to be the later of (a) the current Voting Deadline of January 18, 2019 at 4:00 P.M. (ET) or (b) five (5) business days following the occurrence of the pertinent Resolution Event for such Holder.

4.      **Notice of Non-Voting Status for the Non-Voting Classes and Holders of Disputed Claims**

Certain Holders of Claims or Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are (a) Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code or (b) presumed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive only the Notice of Non-Voting Status.  The Notice of Non-Voting Status will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  Certain Holders of Claims that are subject to a pending objection by the Debtors will receive the Notice of Non-Voting Status with Respect to Disputed Claims.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots) and notify such Holders that they are not entitled to vote any disputed portion of their Claims unless one (1) or more Resolution Events have taken place before January 16, 2019.

5.      **Assumption Notices**

Counterparties to Executory Contracts and Unexpired Leases that receive an Assumption Notice may file an objection to the Debtors' proposed assumption and/or cure amount, as applicable.  Such objections must be ***actually received*** by the Debtors by January 10, 2019 at 4:00 p.m. (Eastern Time).

D.      **Voting and Tabulation Procedures.**

1.      **Holders of Claims Entitled to Vote**

Only the following Holders of Claims in the Voting Class shall be entitled to vote with regard to such Claims:

a.      Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely law by the Court under applicable law on or before the Voting Record Date) that (i) has not been expunged, disallowed, disqualified, withdrawn or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent further order of the Court; *provided*, *further*, that a Holder of a Claim that is the subject of any other objection shall receive a Solicitation Package and be entitled to vote such Claim only upon a Resolution Event that results in the Allowance of such Claim;

b.  Holders of Claims that are listed in the Schedules; *provided* that Claims that are scheduled as contingent, unliquidated or disputed (excluding such scheduled disputed, contingent or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim or an untimely Proof of Claim which has been Allowed as timely by the Court) shall be Allowed to vote only in the amounts set forth in Section D.2(c) of these Solicitation and Voting Procedures;

c.  Holders whose Claims arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.  Holders of any Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.  the assignee of any Claim that was transferred on or before the Voting Record Date by any Person described in subparagraphs (a) through (d) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date, as applicable.

## 2.  **Establishing Amounts of Claims for Voting Purposes**

Each Holder of a Claim in the Voting Class shall be entitled to vote the amount of its Claim as of the Voting Record Date. The amount of the Claim established pursuant to this Section D.2 shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts that are filled in on Ballots by the Debtors through the Solicitation Agent are not binding for purposes of Allowance and Distribution.

In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.  the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

b.  the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under Section C.3(d) of these Solicitation and Voting Procedures;

c.  the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account

of any interest accrued after the Petition Date; *provided*, *however*, that (i) any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Solicitation Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes; and

d.    the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim) that is not scheduled as contingent, disputed or unliquidated and/or has not been paid; *provided*, *however*, that if the applicable Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed or unliquidated will count as a vote towards satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and as a vote in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the applicable Bar Date has expired, a Claim listed in the Schedules as contingent, disputed or unliquidated shall not be entitled to vote.

Notwithstanding anything to the contrary contained herein: (x) any creditor who has filed or purchased duplicate Claims against the same Debtor within the same Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; (y) Holders of Claims filed for $0.00 are not entitled to vote; and (z) if a Proof of Claim has been amended by a later timely filed Proof of Claim, only the later filed Claim will be counted for voting purposes, regardless of whether the Debtors have objected to such earlier filed Claim.

## 3.    Voting and Ballot Tabulation Procedures

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, the Bankruptcy Rules or the Local Rules:

a.      except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation;

b.      the Solicitation Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one (1) year after the Effective Date, unless otherwise ordered by the Court;

c.      the Debtors will file with the Court, prior to the Confirmation Hearing, a voting report (the "**Voting Report**"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims in the Voting Class, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, without limitation, those Ballots that are late or (in whole or in material part) illegible, contain insufficient information to permit the identification of the Holders submitting such Ballots, lack original signatures or any other necessary information, are received via facsimile, email or any electronic means other than through the Solicitation Agent's e-ballot platform or are damaged (collectively, the "**Irregular Ballots**");

d.      the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

e.      delivery of a Ballot to the Solicitation Agent by facsimile, email or any electronic means other than e-ballot, will not be valid;

f.      In addition to accepting Ballots by regular mail, overnight courier or hand delivery, the Debtors seek authority to accept Ballots via electronic, online transmission through a customized electronic Ballot by utilizing the E-Ballot platform on Prime Clerk's website. Holders may cast an E-Ballot and electronically sign and submit such electronic Ballot via the E-Ballot platform. Instructions for casting an electronic Ballot can be found on the "E-Ballot" section of Prime Clerk's website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective. For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot platform (https://cases.primeclerk.com/relativity). Ballots submitted by electronic mail, facsimile, or any other means of

7

electronic submission not specifically authorized by the Solicitation Procedures shall not be counted;

g.      no Ballot should be sent to the Debtors, the Creditors' Committee or the foregoing parties' agents (other than the Solicitation Agent);

h.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect the Holder's intent and will supersede and revoke any prior received Ballot(s);

i.      Holders with Claims in the Voting Class must vote all of their Claims either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims against the same Debtor held by any particular Holder within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

j.      a Person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing and if requested by Solicitation Agent, the Debtor or the Court, must submit proper evidence of its authority to act;

k.      the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the Voting Deadline, and any such waivers will be documented in the Voting Report;

l.      neither the Debtors, nor any other Person, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of the foregoing incur any liability for failure to provide such notification;

m.      unless waived by the Debtors or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the

Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.      subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided that any such rejections will be documented in the Voting Report;

p.      if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of Allowance or Distribution;

q.      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim; (ii) any Ballot cast by a Person that does not hold a Claim in the Voting Class; (iii) any unsigned Ballot or Ballot lacking an original signature; (iv) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (v) any Ballot submitted by a Person not entitled to vote pursuant to the procedures described herein;

s.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

t.      the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

u.      if no Holders of Claims in the Voting Class vote on the Plan, the Plan shall be presumed accepted by the Holders of such Claims;

v.      where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within the Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple

portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

w.    if a Ballot shall not be counted pursuant to any of the reasons set forth in this Paragraph 3 (an "**Uncounted Ballot**"), Debtors are required to provide notice to Holder of such Uncounted Ballot, on or before January 23, 2019, that (i) such Ballot has been deemed an Uncounted Ballot and the reason(s) therefor and (ii) such Holder is entitled to judicial review of the determination that such Ballot is an Uncounted Ballot up until the date of the Confirmation Hearing on January 29, 2019 at 11:00 A.M. (ET).

### E.    Amendments to the Plan and Solicitation and Voting Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, the Disclosure Statement Hearing Notice, the Plan, the Ballots, the Confirmation Hearing Notice, the Solicitation Packages, the Notice of Non-Voting Status, the Publication Notice, the Cover Letter, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption Notice, the Voting and Tabulation Procedures and documents related to the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

Dated:   December __, 2018
         New York, NY

**WINSTON & STRAWN LLP**

By:    _/s/_ _____

Justin E. Rawlins (admitted *pro hac vice*)
Daniel J. McGuire (admitted *pro hac vice*)
Carrie V. Hardman
Aaron M. Gober-Sims (admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS'**
**AND THE CREDITORS' COMMITTEE'S SECOND AMENDED JOINT LIQUIDATING**
**PLAN UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

CLASS 4: GENERAL UNSECURED CLAIMS

> **PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS BEFORE COMPLETING THIS BALLOT. THE DEADLINE TO ACCEPT OR REJECT THE PLAN (AS DEFINED BELOW) IS JANUARY 18, 2019 AT 4 P.M. (EASTERN TIME).**

The above captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes with respect to the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (as amended, modified or supplemented and including all exhibits and attachments, the "**Plan**")[2] and the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 634] (as modified, amended or supplemented and including all exhibits and supplements, the "**Disclosure Statement**"). The Plan and the Disclosure Statement are included in the Solicitation Package that you received, which also includes this Ballot.

If you hold a General Unsecured Claim as of November 29, 2018 (the "**Record Date**"), this Ballot permits you to cast your vote to accept or reject the Plan. The Disclosure Statement has been approved by the Bankruptcy Code as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code. **However, the Bankruptcy Court's approval of the Disclosure Statement constitutes neither a guaranty of the accuracy or completeness of the information contained herein nor an endorsement of the merits of the Plan.**

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (a) is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in each Impaired Class of Claims who vote on the Plan, (b) is accepted by the Holders of at least two thirds in amount of the Allowed Interests in each Impaired

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity. The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Except as otherwise provided herein, capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan and the Disclosure Statement.

1

Class of Interests who vote on the Plan, or (c) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the Debtors fail to satisfy (a)-(c) above, the Bankruptcy Court may confirm the Plan nonetheless if it finds that the Plan (x) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (y) otherwise satisfies the requirements of sections 1129(a) and 1129(b) of the Bankruptcy Code.

If you would like to obtain copies of the Plan, the Disclosure Statement or any of the documents attached to or referenced in the foregoing, or if you have questions about the Chapter 11 Cases generally, please contact the Solicitation Agent (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for international callers), (b) by email at relativityballots@primeclerk.com, or (c) in writing at *Relativity Media Ballot Processing* c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.

**PLEASE REVIEW THE DISCLOSURE STATEMENT, THE PLAN AND THE VOTING INSTRUCTIONS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. HOWEVER, PLEASE NOTE THAT THE VOTING AGENT CANNOT PROVIDE YOU WITH LEGAL ADVICE.**

**THIS BALLOT IS FOR VOTING ALL OF YOUR CLASS 4 GENERAL UNSECURED CLAIMS AGAINST THE DEBTORS. IF YOU HOLD CLAIMS IN MORE THAN ONE CLASS, YOU WILL RECEIVE A BALLOT FOR EACH CLASS IN WHICH YOU ARE ENTITLED TO VOTE AND MUST COMPLETE A SEPARATE BALLOT FOR EACH CLASS OF SUCH CLAIMS.**

**IF YOUR BALLOT IS NOT RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT") BY 4:00 P.M. (EASTERN TIME) ON JANUARY 18, 2019 (THE "VOTING DEADLINE"), AND THE VOTING DEADLINE IS NOT EXTENDED, YOUR BALLOT WILL BE DISREGARDED AND YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN. MOREOVER, IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU.**

**PLEASE NOTE THAT BALLOTS MAY NOT BE SUBMITTED BY ELECTRONIC MAIL OR ANY OTHER MEANS OF ELECTRONIC TRANSMISSION, AND ANY BALLOTS SUBMITTED BY ELECTRONIC MAIL OR OTHER MEANS OF ELECTRONIC TRANSMISSION WILL NOT BE ACCEPTED BY THE VOTING AGENT.**

*[Remainder of page intentionally left blank]*

**Item 1**:  **Voting Amount of Class 4 General Unsecured Claim.**  The undersigned certifies that, as of the Record Date and for purposes of voting to accept or reject the Plan, the undersigned is a Holder of a Class 4 General Unsecured Claim in the following aggregate amount[3]:

| |
|---|
| Amount: $ _____ |

**Item 2**:  **Vote to Accept or Reject the Plan.**  The undersigned, a Holder of Class 4 General Unsecured Claims in the aggregate amount set forth in **Item 1**, votes all Claims as follows (**check only one box below**):

| |
|---|
| ☐  **ACCEPT** the Plan. |
| ☐  **REJECT** the Plan. |

---

[3] This amount is for voting purposes only; it is subject to tabulation under the Bankruptcy Code.

1

**Item 3**:  **Acknowledgements.**  By signing this Ballot, the undersigned certifies that:

1. As of the Record Date, the undersigned was (a) the Holder of the Claim(s) being voted or (b) the authorized signatory for a Holder of the Claim(s) being voted, in the amount set forth in **Item 1**;
2. the Holder has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;
3. the Holder has not relied on any statement made or other information received from any entity with respect to the Plan other than the information contained in the Solicitation Package or publicly available materials;
4. the Holder has cast the same vote with respect to all of the Holder's Class 4 General Unsecured Claims and no other Ballots with respect to the same Class 4 General Unsecured Claims have been cast, or, if any other Ballots have been cast with respect to such Class 4 General Unsecured Claims, any such Ballots have been revoked;
5. the Holder understands and acknowledges that if multiple Ballots are received with respect to the Class 4 General Unsecured Claim(s) set forth in **Item 1** prior to the Voting Deadline (as it may have been extended by the Debtors and the Creditors' Committee), the last Ballot timely received by the Voting Agent supersedes and revokes any previously received Ballot; provided that the Debtors reserve the absolute right, at any time or from time to time, to extend the period of time (on a daily basis, if necessary) during which Ballots will be accepted for any reason, including, without limitation, determining whether or not the requisite number of acceptances have been received, by making a public announcement of such extension no later than the first business day following the previously announced Voting Deadline;
6. the Holder understands that, if this Ballot is otherwise validly executed but does not indicate either an acceptance or rejection of the Plan, this Ballot will not be counted for purposes of voting on the Plan; and
7. the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

Name of Holder: _____

Title: _____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Date:_____

**VOTING INSTRUCTIONS FOR COMPLETING THE CLASS 4 BALLOTS**

1. The Debtors are soliciting votes of Holders of Claims with respect to the Plan that accompanies this Ballot. Capitalized terms used but not otherwise defined in the Ballot or these instructions shall have the meanings ascribed to them in the Plan, the Disclosure Statement or the Disclosure Statement Order.

2. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The Court may confirm the Plan and thereby bind you to the terms of the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

3. Please review the information contained in **<u>Item 1</u>** for accuracy.

4. In the boxes provided in **<u>Item 2</u>** of this Ballot, please cast **ONE** vote to either accept or reject the Plan.

5. You must vote all of your Class 4 General Unsecured Claims to accept or reject the Plan. You may not split your vote. A Ballot that partially rejects and partially accepts the Plan will not be counted.

6. Please complete this Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or hand delivery to the Voting Agent at the following address:

> Relativity Media Ballot Processing
> c/o Prime Clerk, LLC
> 830 Third Avenue, 3rd Floor
> New York, NY 10022

---

**<u>IF SUBMITTING YOUR VOTE THROUGH THE E-BALLOTING PORTAL</u>**

**Prime Clerk will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit <u>https://cases.primeclerk.com/relativity/</u>, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#:_____**

**Prime Clerk's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

---

> **If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

7. **To be counted, Ballots must be *received* by the Voting Agent by the Voting Deadline, unless such time is extended by the Debtors and the Creditors' Committee.**

8. If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience.

9. Ballots will not be accepted by telecopy, facsimile, e-mail or any other electronic means of transmission. Ballots should not be sent to the Debtors or the Bankruptcy Court.

10. If you hold Claims in more than one voting Class under the Plan, you may receive more than one Ballot. Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 4 General Unsecured Claims. You must vote all of your Claims in a particular class under the Plan either to accept or reject the Plan.

11. If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing and, if requested, submit satisfactory evidence of your authority to do so (i.e., a power of attorney).

12. Your Claim has been temporarily Allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "**Tabulation Rules**"). The Tabulation Rules are set forth in the Solicitation and Voting Procedures, which is included in the Solicitation Package containing this Ballot. The temporary Allowance of your Claim for voting purposes does not constitute an Allowance of your Claim for purposes of Distributions under the Plan and is without prejudice to the rights of the Debtors in any other context, including, without limitation, the Debtors' right to contest the amount or validity of any Claim for purposes of Allowance under the Plan. If you wish to have your Claim Allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must file with the Bankruptcy Court a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim for purposes of voting (a "**Rule 3018 Motion**"). With respect to any such motion filed, this Ballot shall be counted (a) in the amount established by the Bankruptcy Court or (b) if such an order has not been entered by two (2) business days prior to the Voting Deadline, and unless you and the Debtors have reached an agreement with respect to the Rule 3018 Motion, in an amount equal to the preprinted amount on the Ballot.

13. This Ballot does not constitute and shall not be deemed a Proof of Claim or Proof of Interest or an assertion of a Claim or an Interest.

14. **If you have received a damaged ballot or have lost your ballot, or if you have any questions concerning this Ballot or the voting procedures, please contact the Solicitation Agent (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for international callers), (b) by email at relativityballots@primeclerk.com, or (c) in writing at *Relativity Media Ballot Processing*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.**

**\*\*PLEASE RETURN YOUR BALLOT PROMPTLY\*\***

4

# **EXHIBIT 3**

Justin E. Rawlins (admitted *pro hac vice*)
Daniel J. McGuire (admitted *pro hac vice*)
Carrie V. Hardman
Aaron M. Gober-Sims (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF CLAIMS**
**OR EQUITY INTERESTS PRESUMED TO ACCEPT OR REJECT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [_____], 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order [Docket No. ___] (the "**Disclosure Statement Order**"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit acceptances for the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (together with all addenda, exhibits, schedules or other attachments, and including alterations, amendments, modifications or supplements, the "**Plan**")[2]; and (b) approving, among other things, (i) the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code*, dated as of October 26, 2018 [Docket No. 634] (as amended, supplemented or modified and including all attachments and exhibits, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) the solicitation materials and documents to be included in the solicitation packages; and (iii) the procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity. The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Plan and the Disclosure Statement Order.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a Holder of a Claim or Interest that (a) is Unimpaired and presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code or (b) is Impaired and presumed to reject the Plan, you are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, as a result of the sale of certain of the Debtors' assets to UltraV Holdings, LLC (the "**Purchaser**"), there is no collateral remaining to secure the liens or claims held by Holders of Other Secured Claims, thereby rendering such Claims as wholly unsecured deficiency claims.  Thus, such deficiency claims are entitled to vote on the Plan as members of Class 4, *i.e.*, General Unsecured Claims.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held on **January 29, 2019 at 11:00 AM** (Eastern Time) before the Honorable Judge Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, NY 10004.  The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice.

**PLEASE TAKE FURTHER NOTICE THAT** objections to Confirmation or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so to be actually received on or before the Plan Objection Deadline:  (i) the Debtors, c/o M-III Partners, 130 West 42nd Street, Floor 17, New York, NY 10036 (Attn: Colin M. Adams); (ii) counsel to the Debtors, Winston & Strawn, LLP, 200 Park Avenue New York, NY 10016 (Attn: Justin E. Rawlins, Daniel J. McGuire, and Carrie V. Hardman); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes and Benjamin Higgins); (iv) counsel to UltraV Holdings LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam Harris and Kristine Manoukian) and Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036 (Attn: Joel Simon); and (iv) counsel for the Official Committee of Unsecured Creditors, Robins Kaplan LLP, 10100 California State Route 2, #1450, Los Angeles, CA 90067 (Attn: Scott F. Gautier and Michael Delaney).

*[Remainder of page intentionally left blank.]*

2

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain copies of the Plan, the Disclosure Statement or any of the documents attached to or referenced in the foregoing, or if you have questions about the Chapter 11 Cases generally, please contact the Solicitation Agent (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for international callers), (b) by email at relativityballots@primeclerk.com, or (c) in writing at *Relativity Media Ballots*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.

> **ARTICLE VIII OF THE PLAN CONTAINS EXCULPATION AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT.**

Dated:    [_____], 2018          **WINSTON & STRAWN LLP**
          New York, NY

By:    */s/* _____
          Justin E. Rawlins (admitted *pro hac vice*)
          Daniel J. McGuire (admitted *pro hac vice*)
          Carrie V. Hardman
          Aaron M. Gober-Sims (admitted *pro hac vice*)
          200 Park Avenue
          New York, NY 10166
          Tel: (212) 294-6700
          Fax: (212) 294-4700

          *Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 4**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION**
**OF DEBTORS' AND THE CREDITORS' COMMITTEE'S SECOND AMENDED JOINT**
**LIQUIDATING PLAN UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**TO ALL HOLDERS OF CLAIMS OR EQUITY INTERESTS AND PARTIES IN
INTEREST:**

1.    On [_____], 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") (a) approved the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 634] (as modified, amended or supplemented and including all exhibits and supplements, the "**Disclosure Statement**") as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**") and (b) authorized the above captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit votes to accept or reject *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (as amended, modified or supplemented and including all exhibits and attachments, the "**Plan**").[2]

**Deadline for Voting on the Plan**

2.    Pursuant to the Disclosure Statement Order, the Bankruptcy Court established **January 18, 2019 at 4:00 p.m. (Eastern Time)** (the "**Voting Deadline**") as the deadline by which Ballots accepting or rejecting the Plan must be received. Holders in the Voting Class will receive Ballots for casting such votes. To be counted, Ballots must be duly completed, executed and actually received by Prime Clerk LLC (the "**Voting Agent**") by the Voting Deadline unless the Voting Deadline is extended by the Debtors and the Creditors' Committee or the Bankruptcy Court. Properly completed Ballots should be returned to *In re Relativity Media, LLC*, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022. Ballots should not be sent directly to the Debtors, the Creditors' Committee or the foregoing parties' agents (other than the Voting Agent), and Ballots may not be submitted by electronic mail or any other means of electronic

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity. The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Except as otherwise provided herein, capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan and the Disclosure Statement.

transmission.  Holders of Claims and Interests in Classes 1, 2, 3, 5 and 6 (collectively, the "**Non-Voting Classes**") are not entitled to vote on the Plan pursuant to sections 1126(f) and (g) of the Bankruptcy Code.

## Confirmation Hearing

3.    A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held on **January 29, 2019 at 11:00 a.m. (Eastern Time)** before the Honorable Judge Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, NY 10004.  The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice.

## Deadline for Objecting to Confirmation of the Plan

4.    Objections to Confirmation or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so to be actually received on or before the Plan Objection Deadline:  (i) the Debtors, c/o M-III Partners, 130 West 42nd Street, Floor 17, New York, NY 10036 (Attn: Colin M. Adams); (ii) counsel to the Debtors, Winston & Strawn, LLP, 200 Park Avenue New York, NY 10016 (Attn: Justin E. Rawlins, Daniel J. McGuire, and Carrie V. Hardman); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes and Benjamin Higgins); (iv) counsel to UltraV Holdings LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam Harris and Kristine Manoukian) and Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036 (Attn: Joel Simon); and (iv) counsel for the Official Committee of Unsecured Creditors, Robins Kaplan LLP, 10100 California State Route 2, #1450, Los Angeles, CA 90067 (Attn: Scott F. Gautier and Michael Delaney).

5.    **PLEASE NOTE THAT THE PLAN CONTAINS CERTAIN EXCULPATION AND INJUNCTION PROVISIONS.**

6.    Pursuant to section 1127 of the Bankruptcy Code, before or after the Confirmation Hearing, the Debtors may amend the Plan without further notice.

*[Remainder of page intentionally left blank]*

## Copies of the Plan and the Disclosure Statement

7.      If you would like to obtain copies of the Plan, the Disclosure Statement or any of the documents attached to or referenced in the foregoing, or if you have questions about the Chapter 11 Cases generally, please contact the Solicitation Agent (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for international callers), (b) by email at relativityballots@primeclerk.com, or (c) in writing at *Relativity Media Ballots*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.

Dated:    [_____], 2018                     **WINSTON & STRAWN LLP**
          New York, NY

                                        By:    */s/*  _____
                                               Justin E. Rawlins (admitted *pro hac vice*)
                                               Daniel J. McGuire (admitted *pro hac vice*)
                                               Carrie V. Hardman
                                               Aaron M. Gober-Sims (admitted *pro hac vice*)
                                               200 Park Avenue
                                               New York, NY 10166
                                               Tel: (212) 294-6700
                                               Fax: (212) 294-4700

                                               *Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 5**

**[Relativity Letterhead]**

[_____], 2018

<u>Via First Class Mail</u>

Re:    **In re Relativity Media, LLC***, et al.***,**
       **Case No. 18-11358 (MEW) (Bankr. S.D.N.Y) (Jointly Administered)**

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

On May 3, 2018 (the "**Petition Date**"), Relativity Media, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United Stated Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

You are receiving this letter and the enclosed materials because you are entitled to vote on the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (as amended, modified or supplemented and including all exhibits and attachments, the "**Plan**").[1]  On [_____], 2018, the Bankruptcy Court entered an order [Docket No. ____] (the "**Disclosure Statement Order**") (a) approving the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 634] (as modified, amended or supplemented and including all exhibits and supplements, the "**Disclosure Statement**") as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) authorizing the Debtors to solicit votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures.

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

In addition to this cover letter, you are receiving a Solicitation Package, which the Bankruptcy Court approved in the Disclosure Statement Order.  The Solicitation Package, which is being sent to Holders of Claims entitled to vote on the Plan, consists of the following: (a) the Disclosure Statement (with all exhibits thereto, including the Plan); (b) the Solicitation and Voting Procedures; (c) the Confirmation Hearing Notice; (d) the Class 4 Ballot(s) with voting instructions with respect thereto; (e) this cover letter; (f) the Disclosure Statement Order and (g) any other material directed by the Bankruptcy Court.

The Debtors believe that the Plan is in the best interests of their estates, Holders of Claims and Interests and all other parties in interest.  Moreover, the Debtors believe that any alternative to the Plan could result in, among other things, extensive delays and increased administrative expenses, which would likely result in smaller distributions on account of Claims asserted in the Debtors' chapter 11 cases.

---

[1] Except as otherwise provided herein, capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan and the Disclosure Statement Order.

If you would like to obtain a copy of the Plan, the Disclosure Statement or any of the documents attached to or referenced in the foregoing, or if you have questions about the Debtors' chapter 11 cases generally, please contact Prime Clerk LLC (the "**Voting Agent**") (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for international callers), (b) by email at relativityballots@primeclerk.com or (c) in writing at *Relativity Media Ballots*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.  You may also obtain copies of any pleadings filed in the Debtors' chapter 11 cases for a fee via PACER (the Court's Public Access to Court Electronic Records) at: https://ecf.nysb.uscourts.gov/.  A login identification and password to PACER are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, the solicitation materials, but may not advise you as to whether you should vote to accept or reject the Plan.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS INDICATED ON YOUR BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE JANUARY 18, 2018 AT 4:00 PM (EASTERN TIME)**

---

Sincerely,

_____

Colin M. Adams
Chief Restructuring Officer to the Debtors

# **EXHIBIT 6**

Justin E. Rawlins (admitted *pro hac vice*)
Daniel J. McGuire (admitted *pro hac vice*)
Carrie V. Hardman
Aaron M. Gober-Sims (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

### <u>NOTICE OF PLAN SUPPLEMENT</u>

　　**PLEASE TAKE NOTICE THAT** on [_____], 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order [Docket No. _____] (the "**Disclosure Statement Order**"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit acceptances for the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (together with all addenda, exhibits, schedules or other attachments, and including alterations, amendments, modifications or supplements, the "**Plan**")[2]; and (b) approving, among other things, (i) the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 634] (as amended, supplemented or modified and including all attachments and exhibits, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) the solicitation materials and documents to be included in the solicitation packages; and (iii) the procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity. The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Plan and the Disclosure Statement Order.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors hereby file the Plan Supplement with the Court on [_____], 2018.  The Plan Supplement contains the following documents:

      a.      The Liquidating Trust Agreement

      b.      The list of Retained Causes of Action

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held on **January 29, 2019 at 11:00 a.m. (Eastern Time)** before the Honorable Judge Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, NY 10004.  The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice.

**PLEASE TAKE FURTHER NOTICE THAT** objections to Confirmation or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so to be actually received on or before the Plan Objection Deadline:  (i) the Debtors, c/o M-III Partners, 130 West 42nd Street, Floor 17, New York, NY 10036 (Attn: Colin M. Adams); (ii) counsel to the Debtors, Winston & Strawn, LLP, 200 Park Avenue New York, NY 10016 (Attn: Justin E. Rawlins, Daniel J. McGuire, and Carrie V. Hardman); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes and Benjamin Higgins); (iv) counsel to UltraV Holdings LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam Harris and Kristine Manoukian) and Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036 (Attn: Joel Simon); and (iv) counsel for the Official Committee of Unsecured Creditors, Robins Kaplan LLP, 10100 California State Route 2, #1450, Los Angeles, CA 90067 (Attn: Scott F. Gautier and Michael Delaney).

*[Remainder of page intentionally left blank.]*

2

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain copies of the Plan, the Disclosure Statement or any of the documents attached to or referenced in the foregoing, or if you have questions about the Chapter 11 Cases generally, please contact the Solicitation Agent (a) by email at relativityballots@primeclerk.com, or (b) in writing at *Relativity Media Ballots*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.

---

**ARTICLE VIII OF THE PLAN CONTAINS EXCULPATION AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT.**

---

Dated: _____, 2018          **WINSTON & STRAWN LLP**
          New York, NY

                                      By:   /s/
                                              _____
                                              Justin E. Rawlins (admitted *pro hac vice*)
                                              Daniel J. McGuire (admitted *pro hac vice*)
                                              Carrie V. Hardman
                                              Aaron M. Gober-Sims (admitted *pro hac vice*)
                                              200 Park Avenue
                                              New York, NY 10166
                                              Tel: (212) 294-6700
                                              Fax: (212) 294-4700

                                              *Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 7**

Justin E. Rawlins (admitted *pro hac vice*)
Daniel J. McGuire (admitted *pro hac vice*)
Carrie V. Hardman
Aaron M. Gober-Sims (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (A) EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED AND ASSIGNED BY
THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS,
IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

     **PLEASE TAKE NOTICE THAT** on [_____], 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order [Docket No. ___] (the "**Disclosure Statement Order**"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit acceptances for the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (together with all addenda, exhibits, schedules or other attachments, and including alterations, amendments, modifications or supplements, the "**Plan**")[2]; and (b) approving, among other things, (i) the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 634] (as amended, supplemented or modified and including all attachments and exhibits, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) the solicitation materials and documents to be included in the solicitation

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity. The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Plan and the Disclosure Statement Order.

packages; and (iii) the procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* [Docket No. [_____]] (the "**Assumption Schedule**") with the Court as part of the Plan Supplement on [_____], 2018 as contemplated under the Plan. The determination to assume and assign, as of the Effective Date, the Executory Contracts and Unexpired Leases identified in the Assumption Schedule was made as of [_____] and is subject to revision by the Debtors at any time prior to the Effective Date.

**PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE ASSUMED AND ASSIGNED AS OF THE EFFECTIVE DATE PURSUANT TO THE PLAN. THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN, INCLUDING THE ASSUMPTION SCHEDULE.**[3]

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held on **January 29, 2019 at 11:00 a.m. (Eastern Time)** before the Honorable Judge Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, NY 10004. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice.

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption or assumption and assignment. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contracts and Unexpired Leases, which amounts are listed in the Assumption Schedule. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contracts and Unexpired Leases identified in the Assumption Schedule will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date or as soon as reasonably practicable thereafter. In the event of a dispute, however, payment of the cure amount will be made following the entry of a final order resolving the dispute and approving the

---

[3] Neither the exclusion nor inclusion of any contract or lease on the Assumption Schedule, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Debtor has any liability thereunder. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with the Debtors' assumption and assignment of any Executory Contract or Unexpired Lease.

2

assumption and assignment. If an objection to the proposed assumption and assignment, or related cure amount is sustained by the Court, however, the Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming and assigning it.

**PLEASE TAKE FURTHER NOTICE THAT** objections to the assumption and assignment of an Executory Contract or Unexpired Lease identified in the Assumption Schedule, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court and served upon the following parties so to be actually received on or before **January 10, 2019 at 4:00 p.m. (Eastern Time)**: (i) the Debtors, c/o M-III Partners, 130 West 42nd Street, Floor 17, New York, NY 10036 (Attn: Colin M. Adams); (ii) counsel to the Debtors, Winston & Strawn, LLP, 200 Park Avenue New York, NY 10016 (Attn: Justin E. Rawlins, Daniel J. McGuire, and Carrie V. Hardman); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes and Benjamin Higgins); (iv) counsel to UltraV Holdings LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam Harris and Kristine Manoukian) and Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036 (Attn: Joel Simon); and (iv) counsel for the Official Committee of Unsecured Creditors, Robins Kaplan LLP, 10100 California State Route 2, #1450, Los Angeles, CA 90067 (Attn: Scott F. Gautier and Michael Delaney).

**PLEASE TAKE FURTHER NOTICE THAT ANY COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT FAILS TO OBJECT TIMELY TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OR CURE AMOUNT WILL BE DEEMED TO HAVE ASSENTED TO SUCH ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION AND ASSIGNMENT OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED AND ASSIGNED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE EFFECTIVE DATE OF THE DEBTORS' ASSUMPTION AND ASSIGNMENT OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED AND ASSIGNED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain copies of the Plan, the Disclosure Statement or any of the documents attached to or referenced in the foregoing, or if you have questions about the Chapter 11 Cases generally, please contact the Solicitation Agent (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for

international callers), (b) by email at relativityballots@primeclerk.com, or (c) in writing at *Relativity Media Ballots*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.

> **ARTICLE VIII OF THE PLAN CONTAINS EXCULPATION AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT.**

Dated:    [_____], 2018          **WINSTON & STRAWN LLP**
              New York, NY

                                        By:   */s/* _____
                                              Justin E. Rawlins (admitted *pro hac vice*)
                                              Daniel J. McGuire (admitted *pro hac vice*)
                                              Carrie V. Hardman
                                              Aaron M. Gober-Sims (admitted *pro hac vice*)
                                              200 Park Avenue
                                              New York, NY 10166
                                              Tel: (212) 294-6700
                                              Fax: (212) 294-4700

                                              *Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT 8**

Justin E. Rawlins (admitted *pro hac vice*)
Daniel J. McGuire (admitted *pro hac vice*)
Carrie V. Hardman
Aaron M. Gober-Sims (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [_____], 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order [Docket No. ___] (the "**Disclosure Statement Order**"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit acceptances for the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (together with all addenda, exhibits, schedules or other attachments, and including alterations, amendments, modifications or supplements, the "**Plan**")[2]; and (b) approving, among other things, (i) the *Disclosure Statement to Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 634] (as amended, supplemented or modified and including all attachments and exhibits, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) the solicitation materials and documents to be included in the solicitation packages; and (iii) the procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity.   The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Plan and the Disclosure Statement Order.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. You are not entitled to vote any disputed portion of your Claim on the Plan unless one (1) or more of the following events have taken place before January 16, 2019 (the date that is two (2) business days before the Voting Deadline) (each, a "**Resolution Event**"):

1. an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2. an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily Allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4. the pending objection to such Claim is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two (2) business days thereafter, the Solicitation Agent shall distribute a Solicitation Package and a pre-addressed, postage pre-paid envelope to you (to the extent such Solicitation Package was not already distributed to you), and you must return your Ballot to the Solicitation Agent in accordance with the instructions set forth in the Solicitation Package no later than the later of (a) the current Voting Deadline of January 18, 2019 at 4:00 P.M. (ET) or (b) five (5) business days following the occurrence of the pertinent Resolution Event for such Holder.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held on **January 29, 2019 at 11:00 a.m. (Eastern Time)** before the Honorable Judge Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, NY 10004. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice.

**PLEASE TAKE FURTHER NOTICE THAT** objections to Confirmation or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so to be actually received on or before the Plan Objection Deadline: (i) the Debtors, c/o M-III Partners, 130 West 42nd Street, Floor 17, New York, NY 10036 (Attn: Colin M. Adams); (ii) counsel to the Debtors, Winston & Strawn, LLP, 200 Park Avenue New York, NY 10016 (Attn: Justin E. Rawlins, Daniel J. McGuire, and Carrie V. Hardman); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes and Benjamin Higgins); (iv) counsel to UltraV Holdings LLC, Schulte Roth & Zabel LLP, 919

Third Avenue, New York, NY 10022 (Attn: Joel Simon, Adam Harris and Kristine Manoukian); and (iv) counsel to UltraV Holdings LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam Harris and Kristine Manoukian) and Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036 (Attn: Joel Simon); and (iv) counsel for the Official Committee of Unsecured Creditors, Robins Kaplan LLP, 10100 California State Route 2, #1450, Los Angeles, CA 90067 (Attn: Scott F. Gautier and Michael Delaney).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain copies of the Plan, the Disclosure Statement or any of the documents attached to or referenced in the foregoing, or if you have questions about the Chapter 11 Cases generally, please contact the Solicitation Agent (a) by telephone at (866) 355-3940 (for domestic or Canadian callers) or (323) 406-6362 (for international callers), (b) by email at relativityballots@primeclerk.com, or (c) in writing at *Relativity Media Ballots*, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.

---

**ARTICLE VIII OF THE PLAN CONTAINS EXCULPATION AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT.**

---

Dated:    [＿＿＿＿＿], 2018          **WINSTON & STRAWN LLP**
          New York, NY

                                      By:    */s/* ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
                                             Justin E. Rawlins (admitted *pro hac vice*)
                                             Daniel J. McGuire (admitted *pro hac vice*)
                                             Carrie V. Hardman
                                             Aaron M. Gober-Sims (admitted *pro hac vice*)
                                             200 Park Avenue
                                             New York, NY 10166
                                             Tel: (212) 294-6700
                                             Fax: (212) 294-4700

                                             *Counsel to the Debtors and Debtors in Possession*