**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | ) | Case No. 18-11358 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF JAMES DALOIA OF PRIME CLERK LLC**
**REGARDING THE SOLICITATION OF VOTES AND TABULATION OF**
**BALLOTS CAST ON THE DEBTORS' AND THE CREDITORS' COMMITTEE'S**
**SECOND AMENDED JOINT LIQUIDATING PLAN UNDER CHAPTER 11 OF THE**
**BANKRUPTCY CODE**

I, James Daloia, declare, under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Director of Solicitation and Public Securities at Prime Clerk LLC ("Prime Clerk"), located at 830 Third Avenue, 9th Floor, New York, New York 10022. I am over the age of eighteen years and not a party to the above-captioned action. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2. I submit this Declaration with respect to the solicitation of votes and the tabulation of ballots cast on the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code*, dated December 13, 2018 [Docket No. 633] (as may be amended, supplemented, or modified from time to time, the "Plan").[2] Except as otherwise

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity. The location of Relativity Media, LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] All capitalized terms used by not otherwise defined herein have the meanings ascribed to them in the Plan or Disclosure Statement Order (as defined below).

noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, and my review of relevant documents. I am authorized to submit this Declaration on behalf of Prime Clerk. If I were called to testify, I could and would testify competently as to the facts set forth herein.

3. This Court authorized Prime Clerk's retention as the (a) claims and noticing agent to the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent, Nunc Pro Tunc of the Petition Date*, dated May 10, 2018 [Docket No. 41] and (b) administrative advisor pursuant to the *Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date*, dated October 31, 2018 [Docket No. 575] (collectively, the "Retention Orders"). The Retention Orders authorize Prime Clerk to assist the Debtors with, among other things, the service of solicitation materials and tabulation of votes cast to accept or reject the Plan. Prime Clerk and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

**Service and Transmittal of Solicitation Packages and the Tabulation Process**

4. Pursuant to the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of Debtors' and the Creditors' Committee's Joint Plan of Liquidation, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto and (V) Granting Related Relief* [Docket No. 636] (the "Disclosure Statement Order"), the Court established procedures to solicit votes from and tabulate ballots submitted by holders entitled to vote on the Plan (the "Solicitation Procedures"). Prime Clerk adhered to the Solicitation Procedures outlined in the Disclosure Statement Order and the Ballots, which were distributed to

2

parties entitled to vote on the Plan. I supervised the solicitation and tabulation performed by Prime Clerk's employees.

5.    The Debtors established November 29, 2018, as the record date (the "Voting Record Date") for determining which creditors were entitled to vote on the Plan. Pursuant to the Plan and the Solicitation Procedures, only holders as of the Voting Record Date in the following class were entitled to vote to accept or reject the Plan (the "Voting Class"):

| Plan Class | Class Description |
|---|---|
| 4 | General Unsecured Claims |

No other classes under the Plan were entitled to vote on the Plan.

6.    In accordance with the Solicitation Procedures, Prime Clerk worked closely with the Debtors and their advisors to identify the holders entitled to vote in the Voting Class as of the Voting Record Date, and to coordinate the distribution of solicitation materials to these holders. A detailed description of Prime Clerk's distribution of solicitation materials is set forth in Prime Clerk's *Affidavit of Service of Solicitation Materials*, which was filed with this Court on December 20, 2018 [Docket No. 646].

7.    Further, in accordance with the Solicitation Procedures, Prime Clerk reviewed, determined the validity of, and tabulated the ballots submitted to vote on the Plan. Each ballot submitted to Prime Clerk was date-stamped, scanned, assigned a ballot number, entered into Prime Clerk's voting database, and processed in accordance with the Solicitation Procedures. To be included in the tabulation results as valid, a ballot must have been (a) properly completed pursuant to the Solicitation Procedures, (b) executed by the relevant holder entitled to vote on the Plan (or such holder's authorized representative), (c) returned to Prime Clerk via an approved method of

3

delivery set forth in the Solicitation Procedures and (d) received by Prime Clerk by 4:00 p.m. (prevailing Eastern Time) on January 18, 2019 (the "Voting Deadline").

8.  All valid ballots cast by holders entitled to vote in the Voting Class and received by Prime Clerk on or before the Voting Deadline were tabulated pursuant to the Solicitation Procedures.

9.  The final tabulation of votes cast by timely and properly completed ballots received by Prime Clerk is attached hereto as **Exhibit A**.

10. A report of all ballots excluded from the final tabulation prepared by Prime Clerk, and the reasons for exclusion of such ballots, is attached hereto as **Exhibit B**.

To the best of my knowledge, information and belief, I declare under penalty of perjury that the foregoing information concerning the distribution, submission and final tabulation of ballots in connection with the Plan is true and correct.

Dated: January 22, 2019

James Daloia
Director of Solicitation and Public Securities
Prime Clerk LLC

4

**Exhibit A**

**Relativity Media, LLC, *et al.***
**Exhibit A - Tabulation Summary**

| Class | Class Description | Number Accepting | Number Rejecting | AmountAccepting | AmountRejecting | Class Voting Result |
|---|---|---|---|---|---|---|
| | | % | % | % | % | |
| 4 | General Unsecured Claims | 170 | 5 | $223,368,082.44 | $554,891.53 | Accept |
| | | 97.14% | 2.86% | 99.75% | 0.25% | |

**<u>Exhibit B</u>**

**Relativity Media, LLC,** *et al.*
**Exhibit B - Report of Ballots Excluded from Tabulation**

| Plan Class | Plan Class Description | Creditor Name | Voting Amount | Accept/Reject | Reason(s) for Exclusion |
|---|---|---|---|---|---|
| 4 | General Unsecured Claims | Messengers, Inc | $237.30 | Reject | No Original Signature |
| 4 | General Unsecured Claims | Messengers, Inc | $99.00 | Reject | No Original Signature |
| 4 | General Unsecured Claims | Univision Interactive Media | $29,276.86 | Accept | Superseded by later received valid ballot |
| 4 | General Unsecured Claims | Hand Baldachin & Amburgey LLP | $60,571.47 | Accept | Superseded by later received valid ballot |